UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06643-AYP Date: November 18, 2026

Title Nassim Pourahmad v. Warden of Adelanto ICE Processing Center et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| M. Pogosyan | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: None | Attorneys Present for Defendants: None |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) AND GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS (DKT. NO. 3)**

On November 3, 2026, Nassim Pourahmad (A#072-267-140) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement ("ICE") Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1). Petitioner seeks immediate release, asserting that his sudden re-detention on October 27, 2026—absent notice or any opportunity to be heard as to whether he poses a flight risk or a danger to the community—violates Fifth Amendment Due Process.

On November 3, 2026, Petitioner consented to proceed before the Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 2.) On November 6, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5.) To date, Respondents

have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re detention absent adequate pre deprivation notice and an individualized hearing.

Petitioner contends that he came to the United States on or around the year 1984 and has been granted relief under the Convention Against Torture due to his mother's murder in Iran. (Pet. at 6.) Petitioner was ordered removed on December 23, 2009, and his Motion to Reopen IJ Jurisdiction was granted on that same date.[1] Petitioner asserts that he was previously detained and released from immigration custody after ICE determined that he was neither a danger or flight risk, on or around September 2009. (Pet. at 6.) Petitioner represents that ICE suddenly re-detained him and took him into immigration custody, without notice of the reasons for his arrest and without any opportunity to contest the basis for his arrest, on October 27, 2026. *Id.*

Petitioner has a protected due process interest in being released, as he has lived in this country for approximately forty (40) years and was released by ICE on parole. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of ICE's Online EOIR Automated Case Information Database which states that Petitioner's removal proceedings were closed on December 23, 2009, and his Motion to Reopen, IJ Jurisdiction was granted on the same date. *United States v. Vlha*, 142 F.4th 1194, 1200 n.2 (9th Cir.) ("Reports of government agencies are subject to judicial notice."), cert. denied, 146 S. Ct. 625 (2025); *Jupiter v. McAleenan*, 2020 WL 4919712, *2 n.1 (C.D. Cal. 2020) (taking judicial notice of ICE's Fiscal Year 2019 Enforcement and Removal Operations report).

applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release, and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner is entitled to relief on his procedural due process claim, and immediate release is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06643-AYP Date: November 18, 2026

Title Nassim Pourahmad v. Warden of Adelanto ICE Processing Center et al

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Nassim Pourahmad (A#072-267-140) from immigration custody immediately. Petitioner's Request to Proceed In Forma Pauperis with Declaration in Support (Dkt. No. 3) is GRANTED.

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp